ROY L. SINGLETON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Singleton v. Commissioner
Docket No. 33551-87.
United States Tax Court
T.C. Memo 1988-508; 1988 Tax Ct. Memo LEXIS 527; 56 T.C.M. (CCH) 544; T.C.M. (RIA) 88508; October 20, 1988. Roy L. Singleton, pro se. Steven J. Sibley, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice of deficiency dated July 17, 1987, respondent determined *528 a deficiency in petitioner's 1984 Federal income tax liability as follows: Additions to Tax, Secs. [1]
Year
Deficiency
6653(a)(1)
6653(a)(2)
1984
$ 3,654
$ 171 *
This case was tried on September 26, 1988, in San Francisco, California. After settlement of some issues, the issues remaining for decision are whether petitioner is taxable on pension payments he received from the United States Coast Guard and whether petitioner is liable for additions to tax for negligence. FINDINGS OF FACT Petitioner resided in Pacific Grove, California, at the time the petition was filed. On March 1, 1964, after many years of service, petitioner retired from the United States Coast Guard. Petitioner retired as a Chief Warrant Officer on the basis of length of service and not on the basis of any disability or injury. In 1984, petitioner received $ 17,989.18 *529 in pension payments from the Coast Guard. He reported that amount as pension income on Line 17(a) of his 1984 Federal income tax return, and he attached to the return a copy of the W-2P Form he received from the Coast Guard which reflected the $ 17,989.18 as taxable pension income. On Line 17(b) of the tax return, however, petitioner indicated that no portion of the $ 17,989.18 represented taxable pension income. Also, on the form W-2P petitioner wrote in the word "Exempt" next to the $ 17,989.18 figure. OPINION Petitioner has the burden of proving that the pension payments he received in 1984 were not taxable. Rule 142(a), Tax Court Rules of Practice and Procedure. Section 61(a)(11) provides, generally, that pension payments constitute taxable income. Petitioner acknowledges that the payments do not qualify for the exclusion applicable to pension payments received in connection with a physical disability (see section 104(a)(4)), and petitioner has not referred us to any other statutory provision as the basis for excluding these payments from his taxable income. Petitioner urges vehemently the unfairness of taxing the pension payments he received in light of his long and *530 faithful service at low pay to the United States Coast Guard. He also complains about his inability to have a jury trial in this Court and about the treatment he and his wife receive from the Veterans Administration, the Veterans Hospital and other government agencies because of their retiree status. He suggests that "the real enemy is the Internal Revenue Service." The remedy for petitioner's complaints, if any is appropriate, is with Congress, not this Court. Petitioner has not established any legal basis on which we could conclude that the $ 17,989.18 in pension payments he received in 1984 is not taxable. Petitioner claims that in 1985, while preparing his 1984 Federal income tax return, he went to one of respondent's offices and was told by an agent of respondent that his pension payments were not taxable. Allegedly in reliance thereon, petitioner filed his Federal income tax return reflecting the $ 17,989.18 as not taxable. Petitioner's testimony in this regard was not credible. When asked how pension payments petitioner received prior to 1984 were treated on his Federal income tax returns, petitioner was evasive and refused to answer. For the reasons stated above, *531 we sustain respondent's determination as to the taxability of petitioner's pension payments and respondent's determination of the negligence additions to tax. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Interal Revenue Code of 1954, as in effect during the year in issue. * Amount statutorily determined as equal to 50 percent of the interest payable under section 6601 with respect to the deficiency for 1984 in the amount of $ 3,654. ↩